**IN RE: Dean EDWARD and
Elisa Egger, Debtors.**

**Case No. 16–43428–PBS**

United States Bankruptcy Court,
W.D. Washington.

Signed 11/22/2016

Todd Trierweiler, Todd Trierweiler & Associates, Portland, OR, for Debtor.

## ORDER OVERRULING TRUSTEE'S OBJECTION TO CONFIRMATION

Brian D. Lynch, U.S. Bankruptcy Judge

The Standing Ch. 13 Trustee, Michael G. Malaier, objected to the confirmation of Debtors' Ch. 13 Plan (the "Objection") (ECF No. 11). The Trustee's Objection was that Debtors' proposed Ch. 13 Plan did not propose to pay all of Debtors' disposable income, and it did not propose to pay 100% of the present value of Debtors' claims (i.e. with interest).

The Debtors have scheduled $9,982.00 in priority claims and $18,823 in general unsecured claims (ECF No. 1, Schedule E/F, p. 6). Their proposed plan will pay 100% of those claims without interest. (ECF No. 2, p. 3). The Debtors reported net income of $3,038.00 in their Schedules I and J (ECF No. 1, Schedule J, p. 2) but propose a monthly plan payment of only $2,750 (ECF No. 2). The Trustee asserts in his Objection that in order to pay all required secured claims, priority claims, and administrative expenses, the debtors' plan will run approximately 41 months, but if they paid the full amount of their disposable income every month the plan could complete in approximately 34 months. Debtors do not dispute that their plan does not meet the "disposable income" test under Section 1325(b)(1)(B). However, the Debtors' plan does propose to pay 100% of allowed unsecured claims in less than sixty months, which is the other option under 11 U.S.C. 1325(b)(1).

■ The sole issue is whether the Debtors' Plan that proposes to pay 100% of the general unsecured claims while contributing less than their monthly disposable income satisfies the requirements of 11 U.S.C. § 1325(b)(1)(A) if it does not propose to pay interest on those claims. This Court holds that under Section 1325(b)(1)(A), a plan that pays 100% of allowed unsecured claims is not required to pay interest on the claims.

■ In interpreting the meaning of a statute, a court must start "where all such inquiries must begin: with the language of the statute itself." *Ransom v. FIA Card Servs., N.A. (In re Ransom)*, 562 U.S. 61, 131 S.Ct. 716, 723–24, 178 L.Ed.2d 603 (2011). Under Section 1325(b)(1), a requirement for confirmation of a plan is that:

"as of the effective date of the plan—

(A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

(B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

11 U.S.C. § 1325(b)(1). At the heart of this dispute is whether the phrase "as of the effective date of the plan" (the "introductory phrase") refers to the date for determining whether the Debtors' plan will provide either (A) payment in full or (B) payment of all projected disposable income during the applicable commitment period, or whether the introductory phrase, when read together with subsection (A), denotes that the plan must pay the *value, as of the effective date of the plan*, which suggests that an interest component might be required to provide for present value.

Debtors argue the former, and that the plain language of the statute provides that Debtors shall only need to pay the amount of such allowed unsecured claims on the effective date of the plan, excluding interest. *See e.g. In re Stewart–Harrel*, 443 B.R. 219 (Bankr. N.D. Ga. 2011).

The Trustee argues that the phrase "as of the effect date of the plan" must be read together with subsection (A) as "the value[, *as of the effective date of the plan*,] of the property," a phrase which has been commonly interpreted as requiring a "present value" analysis including interest, as opposed to the face value of the claim. *See e.g. In re Hight–Goodspeed*, 486 B.R. 462 (Bankr. N.D. Ind. 2012) (providing examples of where courts have interpreted the phrase "the value, as of the effective date of the property" in other sections of the Bankruptcy Code to include interest).

There is no legislative history which addresses the intent of the language. Commentators are divided on the issue of whether debtors must pay interest on claims under Section 1325(b)(1)(A). Colliers supports the *Stewart–Harrel* interpretation that interest on claims is not required, 8 Collier on Bankruptcy ¶ 1325.11[3] (16th ed.), while Norton and Lundin agree with the *Hight–Goodspeed* interpretation that interest on claims is required. *See* 7 Norton Bankr. L & Prac (3d ed.), § 151:19; Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th edition § 168.1 at ¶ 6.

A plain language reading of the statute provides that a plan must provide that "as of the effective date of the plan- (A) the value ... is not less than the amount of such claim." The value that a Debtor's plan must provide must be not less than the amount of the creditors' claims as of the effective date of the plan. Putting the phrase "as of the effective date of the plan" before both (A) and (B) of Section

1325(b)(1) has the effect of making the phrase applicable to both subsections. That works fine with the *Stewart–Harrel* holding that the phrase "as of the effective date of the plan" is simply a reference to *when* the Court determines what is being paid to the allowed unsecured claims, i.e., either (A) the amount of such claim, or (B) the debtor's projected disposable income in the applicable commitment period. The problem with *Hight–Goodspeed* and the commentators supporting its interpretation of Section 1325(b)(1)(A) is that while a present value determination makes sense with respect to subsection (A), it does not make sense with respect to subsection (B). *Stewart–Harrel*, 443 B.R. at 223.

■ A fundamental principle of statutory construction is that "[i]nterpretive constructions [of statutes] which would render some words surplusage ... are to be avoided." *In re Kun*, 868 F.2d 1069, 1071 (9th Cir. 1989). If the Court accepts the Trustee's argument that subsection (A) must be read as the "value [, *as of the effective date of the plan*,] of the property" then it must also apply a similar parallel construction of subsection (B), which would render the introductory phrase nugatory (e.g. "the plan, '*as of the effective date of the plan*,' provides that all of the debtor's projected disposable income ..."). Neither party has suggested, nor has any case held, that the disposable income requirement of Section 1325(b)(1)(B) has a present value element.

Conversely, the Debtors' proposed construction allows the introductory phrase to modify both subsections (A) and (B) without creating any inconsistency in meaning or surplusage. The Supreme Court, in *Hamilton v. Lanning*, 560 U.S. 505, 518, 130 S.Ct. 2464, 2474, 177 L.Ed.2d 23 (2010), held that Section 1325(b)(1)(B) directs courts to determine projected dispos-

able income "as of the effective date of the plan." "[I]t would make no sense for the phrase 'as of the effective date of the plan' to have different meanings as to each of the following subsections." *In re Stewart–Harrel*, 443 B.R. at 223. Thus, a construction of the introductory phrase similar to that in *Hamilton v. Lanning*'s construction of subsection (B) should also apply to subsection (A).

The Trustee makes other policy arguments in favor of his position, arguing that the *Hight–Goodspeed* approach provides some protection to unsecured creditors for the risk that over the longer time for payment of the allowed unsecured claims chosen by the Debtors, there might be a change of financial circumstances such that the Debtors would need to amend the plan and reduce distributions to unsecured creditors. However, that is not a risk that the Code protects creditors against. Moreover, if the Debtors made such a motion, the Trustee could point out that the Debtors could extend their plan out longer (from 41 months up to 60 months) to avoid reducing the amount paid to allowed unsecured claims. Likewise, the Code allows a challenge to a plan on the grounds of lack of good faith or feasibility. But the Code gives Debtors the option of paying 100% of the allowed unsecured claims, thereby avoiding having to comply with the projected disposable income requirement.

WHEREFORE, the Trustee's Objection to the Debtors' Plan of Reorganization is overruled.